IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NICOLE STAMP,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>Defendant. | CV 12–123–BLG–DLC<br><br>ORDER |

FILED
OCT 23 2013
Clerk, U.S District Court
District Of Montana
Missoula

United States Magistrate Judge R. Keith Strong entered Findings and Recommendations on September 26, 2013, recommending that Defendants' Motion for Relief from Order Denying Motion to Dismiss or Compel Arbitration be granted and that the April 22, 2013 Order Denying Defendant's Motion to Dismiss or Compel Arbitration be withdrawn. Plaintiff did not timely object to the Findings and Recommendations, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."

1

*United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

There is no clear error in Judge Strong's Findings and Recommendations. The April 22, 2013 Order denying Defendant's motion to compel arbitration was in error. Defendants have clearly shown that Stamp's claim for wrongful discharge is covered by the arbitration agreement entered into by the parties. Pursuant to the Federal Arbitration Act and binding precedent interpreting the Act, the arbitration agreement must be enforced. *See e.g., Mortensen v. Bresnan Communications, LLC*, 722 F.3d 1151; *At&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011); *Kilgore v. KeyBank Nat. Ass'n.*, 718 F.3d 1052 (9th Cir. 2013). The conclusion that Stamp's claim was excluded from arbitration because Stamp would not be allowed to conduct third-party discovery was in error.

Stamp's contentions that the arbitration agreement was unconscionable and that Defendant waived its right to arbitration are without merit. Stamp's contention that the agreement is unconscionable is premised on Montana's reasonable expectations/fundamental rights rule which was held preempted in *Mortensen*. *Mortensen*, 722 F.3d at 1161. Stamp's contention that Defendant waived its right to arbitration is without merit because Stamp cannot show prejudice as required under *Richards v. Ernst & Young, LLP,* –F.3d–, 2013 WL 4437601, *1 (9th Cir. Aug. 21, 2013), and her contentions based on Montana Code

Annotated § 39-2-911(2)-(3) are either inapplicable or preempted under *Mortensen*.

Accordingly, IT IS ORDERED that Judge Strong's Findings and Recommendations (Doc. 30) are ADOPTED IN FULL. Defendant's motion (Doc. 17) is GRANTED. The April 22, 2013 Order (Doc. 11) is WITHDRAWN.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings and Compel Arbitration (Doc. 6) is GRANTED.

Dated this 23rd day of October 2013.

Dana L. Christensen, Chief Judge
United States District Court